UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| DEMETRIUS HOLLINS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | CIVIL ACTION NO. 1:21-cv-03756-MHC |
| GWINNETT COUNTY, GEORGIA; CHIEF BUTCH AYERS; SERGEANT MICHAEL BONGIOVANNI; and OFFICER ROBERT McDONALD, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT MCDONALD'S MOTION TO DISMISS**

**COMES NOW** Plaintiff Demetrius Hollins (hereinafter "Plaintiff" or "Mr. Hollins"), by and through his undersigned counsel of record and hereby files his response in opposition to Defendant Robert McDonald's Motion to Dismiss,[1] showing this Honorable Court that said Motion should be denied for the reasons that follow:

**I.   INTRODUCTION**

Plaintiff commenced the above-captioned civil action to recover damages under state and federal law for the significant physical and emotional injuries he

---

[1] Doc. 23 at 7.

1

sustained during a minor traffic stop which involved no violence, weapons, or any other indication that Mr. Hollins was potentially dangerous. At no point did Mr. Hollins verbally threaten or physically resist any officer, fail to comply, attempt to flee, or pose any threat whatsoever.[2] Without provocation or warning, Gwinnett County Police Sergeant Michael Bongiovanni nevertheless elbowed Mr. Hollins in the face and tased him twice for no good reason other than to inflict pain before handcuffing Mr. Hollins on the ground. After he was handcuffed and silently laying face down on the ground, Gwinnett County Officer Robert McDonald kicked and slammed Mr. Hollins' head into the pavement, kneeled on top of him and pressed his gun into the back of Mr. Hollins' head while repeatedly threatening to shoot him, and then proceeded to slam Mr. Hollins into his vehicle before placing him in a patrol vehicle, which gratuitous and violent use of force accomplished absolutely nothing other than to inflict pain and traumatize Mr. Hollins.

Counts I-IV of the Complaint assert state and federal § 1983 claims against Sgt. Bongiovanni for unlawful seizure, excessive force, failure to intervene, and supervisory liability; Count II asserts state and federal § 1983 claims against Officer McDonald for his use of excessive force; and Counts V-VIII assert federal § 1983 claims against Gwinnett County and Chief Ayers. Counts IX and X assert claims for punitive damages and attorneys' fees, respectively. The only claims addressed in

---

[2] Doc. 1, ¶¶ 26, 32, 36, 49.

Defendant McDonald's motion to dismiss and properly at issue before the Court are the state and federal excessive force claims asserted against him in Count II.[3]

## II. SUMMARY OF RELEVANT FACTS

As alleged in the Complaint, on Monday afternoon at approximately 4:30pm on April 12, 2017, Mr. Hollins was driving to his mother's house from work and was stopped at a red light at a busy intersection in Gwinnett County.[4] While Plaintiff was waiting for the light to turn green, Sgt. Bongiovanni walked up to Mr. Hollins' vehicle and initiated a traffic stop for alleged non-violent minor traffic violations, in response to which Mr. Hollins complied with each command and request made by Sgt. Bongiovanni.[5] Nevertheless, when Sgt. Bongiovanni observed that Mr. Hollins was lawfully video recording him on his cell phone, he immediately attempted to gain physical control of the cell phone by shoving and wrestling with Mr. Hollins while he was still seated in the driver's seat of his vehicle, yelling about how no one was allowed to record him.[6] Sgt. Bongiovanni then drew his taser and ordered Mr. Hollins out of his vehicle, in response to which Mr. Hollins immediately complied

---

[3] To the extent Defendant McDonald "requests that Plaintiff's Complaint be dismissed in its entirety," said request is improper and without basis and should be disregarded as such. Doc. 23 at 15.

[4] Doc. 1, ¶¶ 20-22.

[5] *Id.*, ¶¶ 23-28.

[6] *Id.*, ¶ 29.

3

by exiting his vehicle without offering any verbal or physical resistance, and with both hands up in the air.[7]

Seconds after Mr. Hollins exited his vehicle and while Mr. Hollins was fully compliant, not resisting, and clearly posing no threat with both hands in the air, Sgt. Bongiovanni used his elbow to intentionally strike Mr. Hollins in the face without any provocation whatsoever, and then communicated a "Code 29" over dispatch to indicate that he was in a fight.[8] After proceeding to gratuitously tase Mr. Hollins twice, Sgt. Bongiovanni securely handcuffed both of Mr. Hollins' hands behind his back without physical resistance.[9]

After Mr. Hollins was handcuffed on the ground, he remained silently laying face-down with both hands cuffed behind his back and was fully compliant, not offering any verbal or physical resistance, not attempting to flee, and not posing any threat whatsoever.[10] Defendant Bongiovanni thus dispatched a "Code 4" advising Defendant McDonald that the previously reported fight was over and that the suspect was secured and under his control. When Defendant McDonald arrived at the scene, Defendant Bongiovanni communicated a second "Code 4" over dispatch

---

[7] *Id.*, ¶¶ 30-32.

[8] *Id.*, ¶¶ 32-35.

[9] *Id.*, ¶¶ 41-42.

[10] *Id.*, ¶¶ 36-43.

to reiterate to McDonald that there no longer existed any threat and that the suspect had been secured.[11]

Despite receiving both Code 4 dispatches and despite confirming under oath at his criminal trial that he did not observe any fighting or yelling when he arrived at the scene, McDonald nevertheless lifted his foot to knee-level after grabbing onto Mr. Hollins' vehicle door for additional leverage and using his full force, violently kicked/stomped Plaintiff's head into the pavement with such significant force that the impact caused Mr. Hollins' head to bounce off the ground.[12] Defendant McDonald then knelt down on Mr. Hollins' neck and for approximately 20 seconds, pressed the barrel of his gun directly into Mr. Hollins' head while repeatedly threatening to shoot him and "splatter [his] brains all over the street" if he moved.[13] After picking Mr. Hollins up from the ground, Defendants Bongiovanni and McDonald gratuitously slammed his body into the trunk of his vehicle before placing him in a patrol vehicle.[14] Mr. Hollins suffered significant physical injuries during his arrest including in relevant part a busted lip, multiple lacerations with severe swelling and bruising to the majority of his face; permanent scarring to his

---

[11] *Id.*, ¶ 47.

[12] *Id.*, ¶¶ 44-50.

[13] *Id.*, ¶¶ 51-53.

[14] *Id.*, ¶ 56.

chin, nose, and lower lip; and severe mental and emotional distress.[15] Given the severity of Mr. Hollins' injuries, Defendant McDonald requested an ambulance at the scene "to check and make sure the Plaintiff was ok."[16]

### III.  ARGUMENT AND CITATION TO AUTHORITY

#### A. Defendant McDonald's "Statement of Facts" should be stricken.

As an initial matter, in moving to dismiss for failure to state a claim under Rule. 12(b)(6), Defendant McDonald flatly ignores the applicable legal standard which requires the district court to "accept all allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor."[17] Instead, Defendant McDonald manufactures and relies on his own version of events in a five-page "Statement of Facts" which does not include a single citation to the Complaint, and which almost exclusively consists of McDonald's unreasonable and unsupported subjective beliefs and intentions which are not only irrelevant but which are not referenced anywhere in the Complaint. Because the district court's review on a 12(b)(6) motion is clearly "limited to the four corners of the complaint" and the facts

---

[15] *Id.*, ¶ 57.

[16] Doc. 23 at 6.

[17] *Sebastian v. Ortiz*, 918 F.3d 1301, 1307 (11th Cir. 2019).

6

alleged therein, Plaintiff respectfully requests that the Court disregard and strike Defendant McDonald's "Statement of Facts."[18]

### B. Defendant McDonald is not entitled to qualified immunity.

Accepting the facts alleged in the Complaint as true, Defendant McDonald's use of force against Plaintiff Hollins was objectively unreasonable and violated the Fourth Amendment. Regardless of whatever subjective intentions and beliefs Defendant McDonald now claims he was operating under at the time, the "reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, and the inquiry is an objective one."[19] Thus, the court must carefully consider the objective facts and circumstances which existed at the time force was used in this particular case, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."[20] Each of these factors definitively weighs against Defendant McDonald and establishes that his use of force against Plaintiff was plainly excessive and violated Plaintiff's clearly established Fourth Amendment rights.

---

[18] *Sebastian v. Ortiz*, 918 F.3d 1301, 1307 (11th Cir. 2019).

[19] *Bradley v. Benton*, 10 F.4th 1232, 1240 (11th Cir. 2021) (quoting *Graham v. Connor*, 490 U.S. 386, 396–97 (1989)) (internal quotation marks omitted).

[20] Graham v. Connor, 490 U.S. 386, 396–97 (1989).

"The ordinary way of showing that a right is clearly established is by showing that 'a materially similar case has already been decided.'"[21] The Eleventh Circuit's 2014 decision in *Saunders v. Duke*, 766 F.3d 1262, 1265 (11th Cir. 2014) is directly on point and represents a materially similar case which clearly established the law as it pertains to Defendant McDonald's use of force. In *Saunders*, the plaintiff was stopped in his vehicle for a non-violent drug offense, in response to which the plaintiff, like Mr. Hollins, complied with all commands without resisting or attempting to flee. After the plaintiff was securely handcuffed on the ground, the plaintiff was laying on his stomach face down and was "not resisting, posing [a] threat, or attempting to flee.'"[22] Nevertheless, while he "was handcuffed and on his stomach, and [] was not resisting or attempting to flee," one of the officers "slammed Mr. Saunders' face onto the pavement 'with extreme force.'"[23] The Eleventh Circuit held that these allegations were sufficient to allege a gratuitous use of excessive force.[24]

Likewise, the Complaint in the instant case plausibly alleges that Defendant McDonald gratuitously kicked and slammed Mr. Hollins' head into the pavement

---

[21] *Bradley v. Benton*, 10 F.4th 1232, 1242–43 (11th Cir. 2021).

[22] *Saunders v. Duke*, 766 F.3d 1262, 1265–66 (11th Cir. 2014).

[23] *Id.*

[24] *Id.*

with extreme force while Mr. Hollins was handcuffed and "not resisting or posing a threat to anyone."[25] "If these allegations are true, and we must assume that they are at this stage of the case, that force was unnecessary, disproportionate, and constitutionally excessive."[26]

Even in the absence of a materially similar case, qualified immunity would still be inappropriate based on the extensive body of caselaw in this Circuit pre-dating the subject incident wherein the Eleventh Circuit consistently denied qualified immunity to officers who used a lesser degree of physical force against handcuffed, compliant suspects who were not resisting or posing any threat, including grabbing the plaintiff's arm and using pepper spray,[27] a single punch to the stomach,[28] and causing the plaintiff's head to hit a door while carrying him into the jail.[29] As the Eleventh Circuit has held on numerous occasions, "the gratuitous use of force when a criminal suspect is restrained and not resisting arrest constitutes excessive force," which applicable precedent has repeatedly been held to give sufficiently "clear notice to a reasonable officer that this excessive force used without

---

[25] *Id.*

[26] *Id.*

[27] *Vinyard v. Wilson*, 311 F.3d 1340, 1348 (11th Cir. 2002) (explaining that pepper spray is less intrusive than physical force).

[28] *Hadley v. Gutierrez*, 526 F.3d 1324, 1333–34 (11th Cir. 2008)

[29] *Runge v. Snow*, 514 Fed. Appx. 891, 893 (11th Cir. 2013).

justification is unconstitutional," and which necessarily forecloses granting qualified immunity to Defendant McDonald.[30]

Because the law was clearly established with obvious clarity in this regard, every reasonable officer would have known that Defendant McDonald's use of significantly greater and more violent physical force by gratuitously kicking and slamming Mr. Hollins' head into the pavement, kneeling on and pressing his gun into the back of Mr. Hollins' head while repeatedly threatening to splatter his brains all over the street, and slamming him into his vehicle – was plainly unlawful and would violate Mr. Hollins' Fourth Amendment rights. Simply put, Defendant McDonald's conduct goes "far beyond the hazy border between excessive and acceptable force that [he] had to know he was violating the Constitution even without caselaw on point,'" and he is not entitled to qualified immunity on this basis alone.[31] Accordingly, Plaintiff respectfully requests that Defendant McDonald's motion to dismiss be denied.

---

[30] *Id.*; *Sheppard v. Pierce Cty., Ga.*, 631 F. App'x 718, 719 (11th Cir. 2015) (no qualified immunity for conspiring to strike suspect in the face while compliant, handcuffed, and in custody); *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 739–40 (11th Cir. 2010) (no qualified immunity pepper-spraying handcuffed suspect); *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002); *Slicker v. Jackson*, 215 F.3d 1225, 1226 (11th Cir. 2000); *Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919, 922 (11th Cir. 2000); *see also Koger v. Carson*, 853 F. App'x 341, 346 (11th Cir. 2021) (no qualified immunity for elbow strike and uppercut against handcuffed, non-resisting suspect).

[31] *Id.*

## C. **Defendant McDonald is not entitled to Official Immunity under State Law**

Defendant McDonald appears to argue that dismissal of the state law claims asserted against him in Count II is appropriate because (1) the Complaint fails to allege that Defendant McDonald "committed any specific actions that constitute any of the alleged violations" alleged in the Complaint, *i.e.*, the intentional torts of assault, battery, and aggravated assault with a deadly weapon;[32] and (2) the Complaint fails to allege that Defendant McDonald acted with actual malice or an intent to injure as required to overcome official immunity under Georgia law.[33] Defendant's arguments in this regard are specious and are directly contradicted by the allegations set forth in the Complaint.

"Georgia law authorizes an arresting officer to use no more force than is reasonably necessary under the circumstances to effect the arrest."[34] Thus, if an officer "use[s] more force than is reasonably necessary," he commits an intentional assault and battery.[35] As discussed above, because no force was necessary to

---

[32] Doc. 23 at 13.

[33] Doc. 23 at 15 ("Plaintiff does not contend that any of the Defendant Officers acted with actual malice.").

[34] *Byrd v. Cavenaugh*, 269 Ga. App. 612, 615 (2004); O.C.G.A. § 17-4-20(b).

[35] *Smith v. Holeman*, 212 Ga. App. 158, 160 (1994); O.C.G.A. § 16-5-20(a); O.C.G.A. § 16-5-23(a).

11

apprehend or arrest Mr. Hollins, Defendant McDonald was not justified to use <u>any</u> physical force, much less significant violent force. By nevertheless proceeding to do so, the Complaint plausibly alleges that Defendant McDonald acted "intentionally and without justification" and committed the intentional torts of assault, battery, and aggravated assault.[36] Given the total absence of any objective justification, it is alleged that he "acted solely with the tortious 'actual intent to cause injury'" and that Defendant McDonald is not entitled to official immunity.[37] Accordingly, Plaintiff respectfully requests that his motion to dismiss be denied.[38]

WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendant McDonald's Motion to Dismiss or, in the alternative, to grant Plaintiff leave to file an amended complaint to cure any deficiencies to the

---

[36] *Gardner v. Rogers*, 224 Ga. App. 165, 169 (1996).

[37] Doc. 1, ¶ 88 ("Defendants acted with actual malice and an intent to injure, and are thus not entitled to official immunity under state law.").

[38] *Croland v. City of Atlanta*, 782 F. App'x 753, 759 (11th Cir. 2019); *DeKalb County v. Bailey*, 319 Ga. App. 278, 283 (2012) (official immunity denied); *Merrow v. Hawkins*, 266 Ga. 390, 391 (1996); *Gardner*, 224 Ga. App. at 169; *Porter v. Massarelli*, 303 Ga. App. 91, 96 (2010) (denying official immunity for assault and battery); *Hammond v. Gordon Cty.*, 316 F. Supp. 2d 1262, 1294 (N.D. Ga. 2002) (denying official immunity); *DeKalb County v. Bailey*, 319 Ga. App. 278, 283 (2012) (denying official immunity); *Bateast v. Dekalb County*, 258 Ga. App. 131, 132 (2002); *Dyksma v. Pierson*, 763 Fed. Appx. 909 (11th Cir. 2019) (affirming district court's analysis and conclusions in 2018 WL 3430684 (M.D. Ga., 2018)) (denying official immunity for intentionally pressing suspect's neck to the ground "after he should have been able to see that Nicholas was handcuffed, incapacitated, and not resisting").

extent any should be identified by the Court, and for such other relief as this Court deems just and proper.

The undersigned, in accord with L.R. 7.1 and 5.1(C) hereby certifies that the type font used herein is 13-Point Book Antigua font.

This 25th day of October, 2021.

               */s/* Dianna J. Lee
               L. Chris Stewart
               Georgia Bar No. 142289
               Justin D. Miller
               Georgia Bar No. 001307
               Dianna J. Lee
               Georgia Bar No. 163391
               *Attorneys for Plaintiff*

**STEWART MILLER SIMMONS TRIAL ATTORNEYS**
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, Georgia 30308
cstewart@smstrial.com
jmiller@smstrila.com
dlee@smstrial.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed a copy of the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT MCDONALD'S MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which automatically sends a service copy via email notification upon all counsel of record registered with the CM/ECF system in this case.

This <u>25th</u> day of October, 2021.

<u>/s/ Dianna J. Lee</u>
L. Chris Stewart
Georgia Bar No. 142289
Justin D. Miller
Georgia Bar No. 001307
Dianna J. Lee
Georgia Bar No. 163391
*Attorneys for Plaintiff*

**STEWART MILLER SIMMONS TRIAL ATTORNEYS**
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, Georgia 30308
cstewart@smstrial.com
jmiller@smstrila.com
dlee@smstrial.com