UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEMETRIUS HOLLINS,<br><br>    Plaintiff,<br><br>vs.<br><br>GWINNETT COUNTY, GEORGIA;<br>CHIEF BUTCH AYERS; SERGEANT<br>MICHAEL BONGIOVANNI; and<br>OFFICER ROBERT McDONALD,<br><br>    Defendants. | Civil Action File Number<br><br>1:21-CV-03756-MHC |

### DEFENDANT, OFFICER ROBERT McDONALD'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT MCDONALD' MOTION TO DISMISS

Now comes the Defendant, Officer Robert McDonald, and files this his Reply To Plaintiff's Response In Opposition To Defendant McDonald's Motion To Dismiss[1], and shows to the Court as follows:

On October 18, 2021, after the filing of McDonald's Motion to Dismiss[2], and prior to the filing of Plaintiff's response thereto on October 25, 2021[3], McDonald placed all parties on notice that there were new, pertinent, and controlling legal

---

[1] L.R. 7.1(C).
[2] Doc. 23.
[3] Doc. 24.

1

authorities that was averse to certain positions taken by certain parties. Specifically, McDonald's counsel noted the decisions that day of the United States Supreme Court in *Rivas-Villegas v. Cortesluna*, 595 US ___ (2021) *(per curiam)* wherein the Court determined that briefly kneeling on the back of a suspect does not constitute excessive force, and *City of Tahlequah et al. v. Bond*, 595 US ___ (2021) *(per curiam)* which again reiterates the factual evaluation that is required of the trial court on qualified immunity grounds. Here, Plaintiff did not address or attempt to distinguish these recent authorities in his response.[4]

Plaintiff alleges "… Officer McDonald forcefully pressed his left knee into the back of Plaintiff's neck and continued kneeling on Plaintiff in this position for approximately 20 seconds."[5] Further, Plaintiff asserts that "During the entire length of time that Officer McDonald remained knelling on Plaintiff, McDonald kept the barrel of his gun pressed directly into Plaintiff's head and repeatedly threatened to shoot Plaintiff and 'splatter[his] brains all over the street' if he moved, at which point plaintiff legitimately believed that the officers were going to kill him."[6] These actions were taken as McDonald was running up to the unknown scene of a fight call between Defendant Bongiovanni and Plaintiff.[7] Defendant has in the criminal case and here disputed that he ever heard a "Code 4" and that he knelled on Plaintiff's

---

[4] Doc. 24.
[5] Doc. 1, p. 11, ¶ 51.
[6] Doc. 1, p. 11, ¶ 52.
[7] Doc. 1, p.10, ¶¶ 44-48.

shoulder briefly.[8] In essence, by excising the surplusage of the alleged threats, Plaintiff's allegations are that McDonald forcefully pressed his left knee into back of Plaintiff's neck(or shoulder as alleged by McDonald) and continued knelling on him for approximately 20 seconds, while keeping the barrel of his gun pressed into Plaintiff's head. This portion of interaction between the Plaintiff and McDonald was for approximately 20 seconds.

In *Rivas-Villegas* the facts are similar in nature and time span as follows: After Cortesluna had been shot twice with a bean bag round from another officer's shotgun, "Rivas-Villegas then straddled Cortesluna. He placed his right foot on the ground next to Cortesluna's right side with his right leg bent at the knee. He placed his left knee on the left side of Cortesluna's back, near where Cortesluna had a knife in his pocket. He raised both of Cortesluna's arms up behind his back. Rivas-Villegas was in this position for no more than eight seconds before standing him up while continuing to hold Cortesluna's arms. At that point, another officer, who had just removed the knife from Cortesluna's pocket and tossed it away, came and handcuffed Cortesluna's hands behind his back. Rivas-Villegas lifted Cortesluna up and moved him away from the door."[9]

---

[8] Doc. 23, pp. 4-6.
[9] Rivas-Villegas v. Cortesluna, 595 U.S. ___ (2021) (per curiam) (slip op. p.3).

Here the Plaintiff must identify a case that put McDonald on notice that his specific conduct of placing his left knee on the neck or shoulder area of Plaintiff for "approximately 20 seconds", was unlawful. Further, Plaintiff has not alleged in his complaint that he suffered significant injuries from the action of knelling by McDonald. The holding of *Rivas-Villegas* controls here and McDonald is entitled qualified immunity for such actions of knelling on Plaintiff for approximately "20 seconds." Additionally, the Plaintiff has identified no case that merely placing a gun against the head of a suspect for "approximately 20 seconds" with no resulting injuries, was unlawful and McDonald is entitled to qualified immunity on this act too. Compare the facts of *City of Tahlequah v. Bond*[10] and the concise legal findings that such precedent must exist. McDonald asserts to this Court that at the least, this Court must grant him qualified immunity on the knelling and pressing of the gun into the head.

## CERTIFICATION

Counsel for McDonald certifies that this motion and brief has been prepared with Time New Roman 14 point and complies with all the requirements of L.R. 5.1.

---

[10] 595 U.S. ___ (2021) (per curiam) (slip op. 1-5).

4

Respectfully submitted, this 8th day of November 2021.

                         **CHANDLER, BRITT & JAY, LLC**
                         **Attorneys for Defendant, Robert McDonald**

                         /s/ **Walt M. Britt**

                         **WALT M. BRITT**
                         **Georgia Bar Number 083237**
                         **P. O. Box 1749**
                         **Buford, Georgia 30515**
                         **(770) 271-2991**
                         **(770) 271-2986 (fax)**
                         wbritt@cbjblawfirm.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DEMETRIUS HOLLINS,** § | |
| § | **Civil Action File Number** |
| Plaintiff, § | |
| § | **1:21-CV-03756-MHC** |
| vs. § | |
| § | |
| **GWINNETT COUNTY, GEORGIA;** § | |
| **CHIEF BUTCH AYERS; SERGEANT** § | |
| **MICHAEL BONGIOVANNI; and** § | |
| **OFFICER ROBERT McDONALD,** § | |
| § | |
| Defendants. § | |

## CERFTIFICATE OF SERVICE

I hereby certify that on November 8, 2021, I electronically filed a copy of the **Defendant, Officer Robert McDonald's Reply To Plaintiff's Response In Opposition To Defendant McDonald's Motion To Dismiss** with the Clerk of Court using the CM/ECF system with service on all attorneys of record electronically.

               **CHANDLER, BRITT & JAY, LLC**
               **Attorneys for Defendant, Robert McDonald**

               /s/ Walt M. Britt

               **WALT M. BRITT**
               **Georgia Bar Number 083237**